IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America, | Crim. No. 4:07-cr-00481 |
| v. | |
| Don Cornelius Burgess | **ORDER** |

This matter comes before the Court on Defendant Don Cornelius Burgess' motion for a sentence reduction. ECF No. 768. Burgess' motion states, in full: "I'm writing you in reference of the 1862 First Step Act asking that y'all reduce my sentence." *Id.* Because Burgess is proceeding *pro se* in this motion, the Court liberally construes his filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks and citations omitted).

Here, even liberally construing Burgess' motion, the Court is unable to analyze Burgess' motion because he has not articulated a basis for a sentence reduction. First, "the 1862 First Step Act" is not an existent piece of legislation. *See generally* 1 U.S.C. § 1 through 54 U.S.C. § 3203. Although he may be referring to the First Step Act of 2018,[1] as a practical matter, Burgess cannot receive statutory relief from a nonexistent statute. *Wilbert J. Alexander, II, Plaintiff, v. S.C. Dep't of Transportation, Defendant.*, No. 3:20-CV-4480-TLW, 2023 WL 4145031, at *4 (D.S.C.

---

[1] Pub. L. No. 115-391, § 403(a), 132 Stat. 5194, 5222.

June 22, 2023) ("Here, it is axiomatic that Plaintiff cannot bring claims under a non-existent, unenacted statute.").

Second, to the extent Burgess' seeks a sentence reduction under the First Step Act of 2018, his motion has not articulated the grounds upon which his motion rests. Even liberally construing Burgess' motion, he has failed to comply with Rule 47(b) of the Federal Rules of Criminal Procedure, which states "[a] motion must state the grounds on which it is based and the relief or order sought." Fed. R. Crim. P. 47(b); *see also* Fed. R. Civ. P. 7(b)(1)(B)–(C) (requiring that a motion "state with particularity the grounds for seeking the order" and specifically "state the relief sought."); Local Crim. Rule 12.04 (D.S.C.) & Local Civ. Rule 7.05 (D.S.C.) (requiring that all motions "shall be timely filed within an accompanying supporting memorandum," which includes (1) A concise summary of the nature of the case; (2) A concise statement of the facts that pertain to the matter before the court for ruling with reference to the location in the record, and (3) The argument (brevity is expected) relating to the matter before the court for ruling with appropriate citations."), Here, Burgess has neither stated the grounds on which his motion is based on the relief sought. Hence, the Court **DENIES** Burgess' motion, ECF No. 768, **WITHOUT PREJUDICE.**

 s/ Terry L. Wooten
Terry L. Wooten
Senior United States District Judge

Columbia, South Carolina
July 6, 2023